IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DALE EDWARD WEBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-1263-JAR-KMH |
| ) | |
| **BOARD OF COUNTY** ) | |
| **COMMISSIONERS OF CHASE** ) | |
| **COUNTY, KANSAS, and PAUL JONES,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

In this action Plaintiff Dale Edward Weber brings claims under the Americans with Disabilities Act ("ADA") and the Kansas Act Against Discrimination ("KAAD"), alleging discrimination on the basis of disability. Before the Court is Defendants Chase County, Kansas Board of County Commissioners, and Paul Jones' Motion to Dismiss (Doc. 5). For the reasons explained in detail below, Defendants' motion is granted, and Plaintiff's KAAD claim and claims against Paul Jones are dismissed.

### I. Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

## II.     Grounds Raised in the Motion to Dismiss

The Court would also dismiss the KAAD claim against the County and the claims against Defendant Jones on the merits. Defendants argue that the KAAD claims must be dismissed because Plaintiff failed to administratively exhaust her claim with the Kansas Human Rights Commission ("KHRC"), and that the claims against Paul Jones must be dismissed because he is not an "employer" under either statute.

### A.      Administrative Exhaustion

Failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[2] Plaintiff dual-filed a complaint with the KHRC and the Equal Employment Opportunity Commission ("EEOC") on August 22, 2011. Plaintiff states in the Complaint that the KHRC made a "no probable cause" determination on the complaint on March 29, 2012. Plaintiff next states that he "timely requested that the EEOC review the charge on April 12, 2012." The EEOC issued a Notice of Right to Sue letter on May 14, 2014.[3] Plaintiff fails to allege that he sought reconsideration or obtained a right to sue letter from the KHRC.

In *Hughes v. Valley State Bank*,[4] the Kansas Court of Appeals ruled that filing a charge with the EEOC is insufficient to initiate an action under the KAAD; the plaintiff must file a

---

[2] *Jones v. Runyon,* 91 F.3d 1398, 1399 n.1 (10th Cir.1996).

[3] Doc. 1, Ex. 1.

[4] 994 P.2d 1079 (Kan. Ct. App. 1999).

separate charge with the KHRC.[5]  Moreover, under K.S.A. § 44-1010, "[n]o cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration."  Accepting the allegations in the Complaint as true, although Plaintiff received a right to sue letter from the EEOC, he failed to petition the KHRC for reconsideration of its "no problem cause" determination.  Because he was required to separately exhaust his KAAD claim with the state agency, the EEOC right to sue letter is insufficient.  Therefore, Plaintiff failed to exhaust his KAAD claim and Defendants' motion to dismiss this claim must be granted.[6]

### B. Paul Jones

The ADA prohibits discrimination by employers on the basis of disability.[7]  Under the ADA, an "employer means a person engaged in an industry affecting commerce who has 15 or more employees for each working day."[8]  The law is clear that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."[9]  Plaintiff alleges that Defendant Jones was the supervisor of Plaintiff's department in Chase County, but otherwise fails to allege that he meets the statutory definition of employer.  Therefore, the Court finds that Defendant Jones must be dismissed because Plaintiff is unable to

---

[5] *Id.* at 1086–87.  While judges in this district have rejected the rationale in *Hughes* with respect to Title VII claims, they acknowledge that this rule would apply to claims asserted under the KAAD.  *Armendariz v. Cargill, Inc.*, No. 05-2200-JWL, 2006 WL 83098, at *2 (D. Kan. Jan. 12, 2006); *Kolarik v. Alterra Healthcare Corp.*, No. 04-1388-MLB, 2005 WL 1842752, at *3 (D. Kan. July 29, 2005); *Novotny v. Coffey Cnty. Hosp.*, No. 03-2566-JWL, 2004 WL 1052785, at *3 (D. Kan. May 10, 2004).

[6] *See, e,g.*, *Henry v. Unified Sch. Dist. No. 503*, 328 F. Supp. 2d 1130, 1160 (D. Kan. 2004).

[7] 29 U.S.C. §§ 12111(2), 12112.

[8] *Id.* § 12111(5)(A).

[9] *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).

state a plausible claim for relief against him on the remaining ADA claim.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Chase County, Kansas Board of County Commissioners, and Paul Jones' Motion to Dismiss (Doc. 5) is **granted**. Plaintiff's KAAD claim is dismissed without prejudice; Plaintiff's ADA claim against Defendant Paul Jones is dismissed with prejudice.

Dated: November 12, 2014

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE

---

[10]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).